**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00059** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRENT THOMAS CHAVERS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 46] filed by Defendant Brent Thomas Chavers ("Chavers"). An Opposition [Doc. No. 49] was filed by the United States of America ("Government").

For the reasons set forth herein, Chavers' Motion to Vacate is **DENIED**.

**I.  BACKGROUND**

On March 24, 2021, Chavers was indicted in a four-count indictment[1] for two counts of possession with intent to distribute methamphetamine, one count of felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking. These were in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c), 18 U.S.C. § 922(g), and 21 U.S.C. § 841(a)(1). On October 18, 2021, Chavers pled guilty to one count of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of drug trafficking.[2]

On February 9, 2022, Chavers was sentenced to 156 months imprisonment on the possession with intent to distribute methamphetamine charge and to a sixty (60) month consecutive sentence on possession of a firearm in furtherance of drug trafficking.[3]

---

[1] [Doc. No. 1]
[2] [Doc. No. 27]
[3] [Doc. Nos. 43, 44]

Chavers did not appeal. On February 7, 2024, Chavers filed the pending Motion to Vacate, maintaining his counsel was ineffective. A Response[4] was filed by the Government on February 26, 2024. The Government maintains Chavers' Motion to Vacate is untimely, and alternatively, without merit.

**II.     LAW AND ANALYSIS**

28 U.S.C. § 2255(f) sets forth a one-year statute of limitations. This period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed;

(3)   The date which a newly recognized retroactive right has been recognized by the Supreme Court; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The only one of the above applicable to Chavers' claim is 28 U.S.C. § 2255(f)(1). If a defendant does not file a notice of appeal, his conviction becomes final upon the expiration of the period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). A defendant has fourteen days from the entry of the judgment to file a notice of appeal. Fed. R. App. Pr. 4(b). The judgment was filed on February 9, 2022, so the conviction became final on February 24, 2022. Therefore, Chaver's Motion to Vacate, filed on February 7, 2024, is untimely.

However, a credible showing of "actual innocence" can overcome the statute of limitations in 28 U.S.C.§ 2255. "Actual innocence" must be convincingly shown. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). Chaver's Motion to Vacate does not set forth claims of "actual innocence."

---

[4] [Doc. No. 49]

Chavers attached a letter allegedly written by Madison Wilson to Chavers.[5] The letter only seems to indicate Madison Wilson is claiming "ownership" of the guns. However, ownership is not one of the elements of the possession of a firearm in furtherance of drug trafficking charge. "Possession" is, though. The presentence Investigative Report[6] shows Chavers admitted he knew he was a convicted felon, and that the 12-guage shotgun observed in plain view in the back seat belonged to him. Chavers denied knowledge of a Glock model 23 caliber .40 handgun found under the driver's seat.[7]

Because Chavers' plea was not a conditional plea, Chavers would have had to admit to the crimes at the time of his plea.[8] Because Chavers has not shown "actual innocence," his 28 U.S.C. § 2255 claim is untimely.

**III. CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion to Vacate [Doc. No. 46] filed by Chavers is **DENIED** and **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 14th day of March, 2024.

_____
Terry A. Doughty
United States District Judge

---

[5] [Doc. No. 46-1]
[6] [Doc. No. 35, p. 5, ¶¶ 20-21]
[7] [Id. p. 6, ¶ 27]
[8] No transcript of the plea is in the record.